IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AYTEKIN KIZILAY,

Petitioner,

v.

WARDEN OF THE MOSHANNON VALLEY PROCESSING CENTER,

Respondent.

3:26-CV-00465-CCW

**ORDER**

Before the Court is Petitioner's Motion to Enforce this Court's March 26, 2026 Order, ECF No. 10. ECF No. 14. Petitioner is a noncitizen detained at Moshannon Valley Processing Center in Philipsburg, Pennsylvania. ECF No. 1. In the Petition, Petitioner requested, *inter alia*, an individualized bond hearing pursuant to 8 U.S.C. § 1226. *Id.* On March 26, 2026, the Court granted the writ of habeas corpus in part, ruled that Petitioner was subject to discretionary detention under 8 U.S.C. § 1226, and ordered Respondents to provide Petitioner with an individualized bond hearing before an immigration judge ("IJ") within seven days. ECF No. 10. On April 2, 2026, Petitioner received a bond hearing before an IJ, who determined that Petitioner was a flight risk and denied bond. ECF No. 14 at 1.

On April 22, 2026, Petitioner filed a Motion to Enforce the March 26, 2026 Order. ECF No. 14. Petitioner argues the April 2, 2026 bond hearing violated his Fifth Amendment due process rights because "[t]he IJ failed to require the Government to prove by clear and convincing evidence that Petitioner's continued detention was necessary." *Id.* at 1. In response to Petitioner's Motion, Respondents argue the transcript of the April 2, 2026 bond hearing confirms that it complied with Petitioner's due process rights. ECF No. 16 at 2.

As a threshold matter, federal courts "lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision," and may only "review whether the bond hearing was fundamentally unfair" such that it violates the detainee's due process rights. *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); *see also Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) ("Because we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision, we are limited to reviewing only those of [Appellant's] challenges that pertain to the adequacy of process he received at his bond hearing."). The United States Court of Appeals for the Third Circuit has advised that a bond hearing under 8 U.S.C. § 1226 is "fundamentally fair," and thus satisfies due process, if three essential elements are present: (1) factfinding based on a record produced before the decisionmaker and disclosed to the detainee; (2) the detainee is allowed to make arguments on his or her behalf; and (3) the IJ makes an individualized determination of the detainee's interests. *Ghanem*, 2022 WL 574624 at *2; *see also Quinteros*, 784 F. App'x at 78. Accordingly, this Court's review of the April 2, 2026 bond hearing is limited to considering whether the hearing was fundamentally fair under *Ghanem.*

After reviewing a transcript of the April 2, 2026 hearing,[1] the Court concludes that the hearing was fundamentally fair. First, the IJ's factfinding was based on a record produced before the IJ and disclosed to Petitioner. ECF No. 14-2 at 9–10. Second, the IJ gave Petitioner the opportunity to present arguments as to why he is not a flight risk. *Id.* at 10. Finally, the IJ made an individualized determination of Petitioner's interests, ultimately determining that Petitioner was a flight risk because of, *inter alia*, the fact that Petitioner's immediate family is mainly comprised of non-U.S. citizens who depend on him to remain in the United States. Thus, the April 2, 2026

[1] Petitioner provided the Court with a transcript of the April 2, 2026 hearing. ECF No. 14-2.

bond hearing had each of the essential elements of a fundamentally fair bond hearing and complied with Petitioner's due process rights.

Accordingly, IT IS HEREBY ORDERED that Petitioner's Motion to Enforce the Court's March 26, 2026 Order, ECF No. 14, is DENIED.

DATED this 1st day of May, 2026.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record